**Daniel Snyder, OSB No. 783856**
dansnyder@lawofficeofdanielsnyder.com
**Carl Post, OSB No. 061058**
carlpost@lawofficeofdanielsnyder.com
**John Burgess, OSB No. 106498**
johnburgess@lawofficeofdanielsnyder.com
**LAW OFFICES OF DANIEL SNYDER**
1000 S.W. Broadway, Suite 2400
Portland, Oregon 97205
Telephone: (503) 241-3617
Facsimile: (503) 241-2249

    Of Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

## PORTLAND DIVISION

| | |
|---|---|
| LUKE FONTAINE, | Case No. 3:21-cv-1774 |
| Plaintiff, | |
| v. | **COMPLAINT** |
| | UNLAWFUL EMPLOYMENT ACTION |
| MILL CREEK RESIDENTIAL SERVICES, LLC, | TITLE VII DISCRIMINATION AND RETALIATION; AND SUPPLEMENTAL STATE LAW CLAIMS |
| Defendant. | **JURY TRIAL DEMANDED** |

## I. PRELIMINARY STATEMENT

1.     Plaintiff Luke Fontaine brings this action to remedy violations of his statutory

rights under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e *et seq.* as amended and

PAGE 1 – COMPLAINT AND DEMAND FOR JURY TRIAL
Law Offices of Daniel Snyder
Attorneys At Law
1000 S.W. Broadway, Suite 2400
Portland, Oregon 97205
(503) 241-3617 Fax (503) 241-2249

supplemental state claims. Plaintiff seeks equitable relief, including economic and noneconomic damages, as well as attorneys' fees and costs.

## II. JURISDICTION

2. Jurisdiction is conferred upon this Court by 28 U.S.C. § 1331, federal question jurisdiction, and 28 U.S.C. §1343, civil rights jurisdiction.

3. Plaintiff requests this Court invoke its supplemental jurisdiction pursuant to 28 U.S.C. § 1367 with respect to all causes of action based on Oregon statutory provisions or on the common law as the Oregon claims arise from the same nucleus of operative facts as the federal claims.

4. All preconditions to jurisdiction pursuant to 42 U.S.C. § 2000e-5 have been satisfied.

    a. On or about February 5, 2021, Plaintiff filed a complaint for discrimination based on his race, religion, sexual orientation, and for opposing unlawful practices with the Oregon Bureau of Labor and Industries (BOLI). BOLI assigned the complaint Case No. EEEMRC210205-10205.

    b. BOLI co-filed the administrative complaint with the U.S. Equal Opportunity Commission (EEOC) under Title VII of the Civil Rights Act and it was assigned EEOC Charge No. 38D-2021-00363.

    c. On September 9, 2021, BOLI issued a notice of right-to-sue letter to Plaintiff for Case No. EEEMRC210205-10205. This lawsuit is filed within 90 days of BOLI's issuance of the notice of right-to-sue letter.

    d. On September 22, 2021, the EEOC issued a notice of right-to-sue letter to Plaintiff for Charge No. 38D-2021-00363.

Law Offices of Daniel Snyder
Attorneys At Law
1000 S.W. Broadway, Suite 2400
Portland, Oregon 97205
(503) 241-3617 Fax (503) 241-2249

5. Plaintiff's supplemental State claims are filed timely. Furthermore, if the expiration of the time to commence an action or give notice of a claim falls within the time in which any declaration of a state of emergency issued by the Governor related to COVID-19, and any extension of the declaration, is in effect, or within 90 days after the declaration and any extension is no longer in effect, the expiration of the time to commence the action or give notice of the claim is extended to a date 90 days after the declaration and any extension are no longer in effect.

6. Venue is in the District of Oregon pursuant to 28 U.S.C. § 1391(b) because the claim arose in this Judicial District. Venue is appropriate in the Portland Division since Plaintiff worked in Portland.

### III. PARTIES

7. Plaintiff is a citizen of the United States. Plaintiff identifies as a gay man. Plaintiff's religion is Christianity. Plaintiff was born in Germany, both of Plaintiff's parents were members of the United States Air Force. Plaintiff is Afro-Caribbean, Mexican American, and Haitian American.

8. Defendant Mill Creek Residential Services, LLC is a Delaware corporation qualified to do business in Oregon. At all times material, Defendant did business in Portland, Multnomah County, Oregon and Plaintiff worked for Defendant in Portland, Multnomah County, Oregon. Defendant operates an apartment building known as Modera Pearl. Defendant's Modera Pearl consists of 290 units and is located at 1481 N.W. 13th Avenue, Portland, Oregon 97209.

9. On or about January 28, 2019, Defendant hired Plaintiff as a leasing associate for Modera Pearl. Plaintiff reported to an onsite office in that building. His work schedule was originally Wednesday through Sunday. When the COVID-19 pandemic began, his schedule was

PAGE 3 – COMPLAINT AND DEMAND FOR JURY TRIAL

**Law Offices of Daniel Snyder**
Attorneys At Law
1000 S.W. Broadway, Suite 2400
Portland, Oregon 97205
(503) 241-3617 Fax (503) 241-2249

adjusted per Plaintiff's request to Tuesday through Saturday. When Ms. Rountree started, Plaintiff's schedule was again moved back to Wednesday through Sunday.

10. Plaintiff rented an apartment in the building. Plaintiff received an employee discount of 50% off of his rent as an encouragement by Defendant for him to live onsite in the Modera Pearl building.

11. In or about April 2019, the social media lead, River Sterns, stepped down from the role of social media lead. Plaintiff was assigned the role of social media lead by his manager at that time, Amber Crudele.

12. In December 2019, Plaintiff received a very positive performance review from Defendant. At that time Defendant awarded Plaintiff a maximum salary increase. Before being terminated by Defendant, Plaintiff never received any write-ups or discipline of any kind from Defendant.

13. In June 2020, Heather Rountree became the Modera Pearl Community Manager. At this time, she became Plaintiff's direct supervisor. Not long after Ms. Rountree became the Community Manager, Plaintiff advised her that he no longer wanted the position of social media lead.

14. Ms. Rountree's office, as well as that of the Assistant Community Manager, Kallista Levestee, were in the same location as Plaintiff's office. As Plaintiff was walking around the corner, he heard Ms. Levestee say "I can always hear when [Plaintiff] is coming." He then heard Ms. Rountree make statements derogatory to his sex and gender, laughing and saying something to the effect of, "I know. He's always wearing his little 'heels'." Plaintiff heard Ms. Rountree mock Plaintiff's shoes and refer to them as "heels" on other occasions as well. Without

PAGE 4 – COMPLAINT AND DEMAND FOR JURY TRIAL

Law Offices of Daniel Snyder
Attorneys At Law
1000 S.W. Broadway, Suite 2400
Portland, Oregon 97205
(503) 241-3617 Fax (503) 241-2249

explanation, Ms. Rountree changed Plaintiff's work schedule from Tuesday through Saturday to Wednesday through Sunday.

15. On June 19, 2020, Plaintiff posted some photos on Modera Pearl's social media. The posts included photos of some of the windows of Modera Pearl onto which residents who had posted signs which included the expressions "Black Lives Matter" and "Say Their Names."

16. On or about July 21, 2020, Ms. Rountree told Plaintiff to contact Regional Manager Tim Jellum concerning the Black Lives Matters post Plaintiff had placed on social media. According to Ms. Rountree, the post had received negative feedback from "corporate." As directed by Ms. Rountree, Plaintiff called Mr. Jellum. Mr. Jellum asked Plaintiff who had placed the Black Lives Matter social media post and Plaintiff responded that he had done so. The posts showed photos of some windows of Modera Pearl residents who had posted signs saying things such as "Black Lives Matter" and "Say Their Names." Mr. Jellum told Plaintiff that the posted photographs were inappropriate and warned Plaintiff to "beware." Plaintiff perceived this comment as a threat not to post items that were related to Black, Indigenous, People of Color (BIPOC) heritage, culture, or celebration. Both Ms. Rountree and Mr. Jellum are White.

17. On July 22, 2020, Plaintiff sent an email to Ms. Rountree requesting Sundays off as a religious accommodation. Plaintiff explained to Ms. Rountree that during the pandemic he was connecting more to his faith and wanted to return to the schedule he had before Ms. Rountree was hired and changed Plaintiff's schedule. Without addressing Plaintiff's request for the accommodation, Ms. Rountree replied that Plaintiff could have Sundays off when the building reached 90% occupancy.

18. Also, on July 22, 2020, Plaintiff sent an email to Defendant's Vice President of Human Resources, Jerry Williams. Plaintiff addressed his concerns about Ms. Rountree's

PAGE 5 – COMPLAINT AND DEMAND FOR JURY TRIAL

Law Offices of Daniel Snyder
Attorneys At Law
1000 S.W. Broadway, Suite 2400
Portland, Oregon 97205
(503) 241-3617 Fax (503) 241-2249

behavior toward him. He wrote that Ms. Rountree's behavior was becoming more aggressive, threatening, and retaliatory and, thereby, creating a hostile work environment for him, particularly after Plaintiff had requested Sundays off for religious reasons. Mr. Williams responded by questioning Plaintiff's performance. Mr. Williams said that Ms. Rountree had made claims that Plaintiff was "constantly" visiting Plaintiff's apartment during working hours. Plaintiff told Mr. Williams Ms. Rountree's claims were not true and that he only went to his apartment during his breaks or lunches. Ultimately, Mr. Williams suggested that Plaintiff should find another job. Plaintiff had no intention of quitting his job.

19.     On July 30, 2020, to avoid criticism that he was visiting his apartment during working hours, Plaintiff gave notice that he was vacating his apartment. He did so to put an end to any management claims that he was spending work time in his onsite apartment.

20.     On August 4, 2020, Plaintiff learned that the position of Assistant Community Manager (ACM) was vacant and available. Plaintiff applied for the ACM position the same day it was posted. He saw that a friend and former co-worker of Ms. Rountree's, Tom Nelson, was already in the office applying for the Assistant Manager position.

21.     On August 6, 2020, Plaintiff filed out a questionnaire with the Bureau of Labor and Industries Civil Rights Division in which he addressed his concerns about Ms. Rountree's biases against marginalized people as well as her discriminatory practices regarding his request for a religious accommodation. Thereafter, Plaintiff told the current Assistant Community Manager, Ms. Levestee, that he had filed a complaint with BOLI.

22.     On August 12, 2002, Plaintiff was interviewed for the position of Assistant Community Manager with Ms. Rountree. Ms. Rountree hired her friend and former co-worker, Tom Nelson, as Assistant Community Manager. Although Plaintiff had more experience and

PAGE 6 – COMPLAINT AND DEMAND FOR JURY TRIAL

relevant education than Mr. Nelson, Ms. Rountree said that she hired Mr. Nelson because he was "a better fit." Mr. Nelson is a white heterosexual man.

23.   On August 18, 2020, Plaintiff was approached by two Modera Pearl residents, Jason Valentine and Azadeh A. (full name not known). They told Plaintiff about a comment that Ms. Rountree had made after an incident among a few residents that was perceived to be racially fueled. Ms. Rountree said "We don't allow racism here. [Plaintiff]'s on the diversity committee." The residents explained that Ms. Roundtree's comment made them very uncomfortable because they felt Ms. Rountree was using Plaintiff as a token minority. Plaintiff confronted Ms. Rountree about her comment to the residents. Rountree did not deny making the statement to the residents. Plaintiff said "No, I'm not on a diversity committee, and it makes me very uncomfortable for you to use me in that way as the only marginalized person in our office." Ms. Rountree responded: "I didn't say anything about you being Queer or Brown. You know how I feel about Black Lives Matters."

24.   On August 20, 2020, Plaintiff had a conversation with Regional Manager Tim Jellum. Plaintiff brought up his concerns that Ms. Rountree was focused on his race and gender. Plaintiff expressed that he was being treated differently and less fairly than his co-workers by Ms. Rountree. Plaintiff also told Mr. Jellum that Plaintiff was concerned about preferential hiring practices and the denial of Plaintiff's application for the Assistant Community Manager position.

25.   On August 21, 2020, Ms. Rountree moved Plaintiff's desk from a relatively lower traffic area behind one of the closed off offices, to the main lobby area where Plaintiff was exposed to all residents and visitors coming and going. This move resulted in Plaintiff having to wear a mask during his whole shift. Prior to this move, Plaintiff was not in a location that required him to wear a mask all day.

PAGE 7 – COMPLAINT AND DEMAND FOR JURY TRIAL

**Law Offices of Daniel Snyder**
Attorneys At Law
1000 S.W. Broadway, Suite 2400
Portland, Oregon 97205
(503) 241-3617 Fax (503) 241-2249

26. On August 26, 2020, Plaintiff applied for the open position of Digital Marketing Content Manager. Plaintiff spoke to the hiring manager Kaitlin Hubert who was very positive about Plaintiff's qualifications for the position and said she was excited about Plaintiff's application.

27. On September 3, 2020, Manager Heather Rountree terminated Plaintiff's employment. During the termination meeting, Regional Manager Tim Jellum was in the room and Vice President of Human Resources Jerry Williams on the telephone. Ms. Rountree did not provide a reason for the termination. Ms. Rountree said: "This isn't working out, it's time for us to go separate ways.

## CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF

### Title VII Civil Rights Act of 1964

### Count One

### Religious, Racial, and Gender Discrimination – 42 U.S.C. §2000e-2

28. Plaintiff alleges all prior relevant paragraphs as if fully set forth herein.

29. At all material times, Defendant was an employer within the meaning of 42 U.S.C. § 2000e (b).

30. Defendant discriminated against Plaintiff with respect to the terms and conditions of his employment because of Plaintiff's religion, national origin, and gender or sexual orientation as alleged above. Defendant ultimately discharged Plaintiff from employment.

31. As a result of Defendant's unlawful employment actions, Plaintiff suffered and continues to suffer economic and noneconomic damages in an amount to be proved at trial.

PAGE 8 – COMPLAINT AND DEMAND FOR JURY TRIAL

**Law Offices of Daniel Snyder**
Attorneys At Law
1000 S.W. Broadway, Suite 2400
Portland, Oregon 97205
(503) 241-3617 Fax (503) 241-2249

32. Plaintiff is entitled to an award for past lost wages and benefits, future lost earnings, benefits, lost earning capacity, and other compensatory damages for future pecuniary losses. Plaintiff's economic damages are continuing in nature and are not presently known.

33. Plaintiff is entitled to an award for non-economic damages for his emotional distress.

34. To the extent any amount awarded to Plaintiff is for damages occurring prior to the entry of judgment, Plaintiff is entitled to an award of pre-judgment interest at the legal rate from the date the damage occurred until the date of judgment.

35. Plaintiff is entitled to post-judgment interest on all damages, costs, and attorneys' fees from the date of judgment until the date paid.

36. Pursuant to 42 U.S.C. § 2000e-5, Plaintiff is entitled to an award of attorneys' fees, expert witness fees, and costs incurred herein.

37. Plaintiff also seeks an award for such additional relief as justice may require.

## Count Two

### Religious, Racial, and Gender Retaliation – 42 U.S.C. §2000e-2

38. Plaintiff alleges all prior relevant paragraphs as if fully set forth herein.

39. Defendant retaliated against Plaintiff with respect to the terms and conditions of his employment because Plaintiff opposed discrimination based on his religion, national origin, and gender or sexual orientation.

40. As a result of Defendant's unlawful employment actions, Plaintiff suffered and continues to suffer economic and noneconomic damages in an amount to be proved at trial.

PAGE 9 – COMPLAINT AND DEMAND FOR JURY TRIAL
**Law Offices of Daniel Snyder**
Attorneys At Law
1000 S.W. Broadway, Suite 2400
Portland, Oregon 97205
(503) 241-3617 Fax (503) 241-2249

41. Plaintiff is entitled to an award for past lost wages and benefits, future lost earnings, benefits, lost earning capacity, and other compensatory damages for future pecuniary losses. Plaintiff's economic damages are continuing in nature and are not presently known.

42. Plaintiff is entitled to an award for non-economic damages for his emotional distress.

43. To the extent any amount awarded to Plaintiff is for damages occurring prior to the entry of judgment, Plaintiff is entitled to an award of pre-judgment interest at the legal rate from the date the damage occurred until the date of judgment.

44. Plaintiff is entitled to post-judgment interest on all damages, costs, and attorneys' fees from the date of judgment until the date paid.

45. Pursuant to 42 U.S.C. § 2000e-5, Plaintiff is entitled to an award of attorneys' fees, expert witness fees, and costs incurred herein.

46. Plaintiff also seeks an award for such additional relief as justice may require.

## SECOND CLAIM FOR RELIEF

### Oregon Unlawful Employment Practices – ORS 659A.030

### Count One

### Discrimination because of Race, Color, Religion, National Origin, Gender, and Sexual Orientation

47. Plaintiff realleges Plaintiff all prior relevant paragraphs as if fully set forth herein.

48. Defendant discriminated against Plaintiff in the terms and conditions of his employment based on his religion, national origin, gender, and sexual orientation.

49. Defendant allowed a hostile work environment to exist for Plaintiff because of his religion, national origin, gender, and sexual orientation.

PAGE 10 – COMPLAINT AND DEMAND FOR JURY TRIAL

**Law Offices of Daniel Snyder**
Attorneys At Law
1000 S.W. Broadway, Suite 2400
Portland, Oregon 97205
(503) 241-3617 Fax (503) 241-2249

50. Defendant discharged Plaintiff from employment after Plaintiff requested Sundays off so that he could attend church, had reported race discrimination, and had reported gender or sexual orientation discrimination.

51. As a result of Defendant's unlawful employment actions, Plaintiff suffered and continues to suffer economic and noneconomic damages in an amount to be proved at trial.

52. Plaintiff is entitled to an award for past lost wages and benefits, future lost earnings, benefits, lost earning capacity, and other compensatory damages for future pecuniary losses. Plaintiff's economic damages are continuing in nature and are not presently known.

53. Plaintiff is entitled to an award for non-economic damages for his emotional distress.

54. To the extent any amount awarded to Plaintiff is for damages occurring prior to the entry of judgment, Plaintiff is entitled to an award of pre-judgment interest at the legal rate from the date the damage occurred until the date of judgment.

55. Plaintiff is entitled to post-judgment interest on all damages, costs, and attorneys' fees from the date of judgment until the date paid.

56. Pursuant to ORS 659A.885, Plaintiff is entitled to recover his reasonable attorneys' fees, costs, and expert fees.

**Count Two**

**Count Two**

**Retaliation because of Race, Color, Religion, National Origin, Gender, and Sexual Orientation Retaliation**

57. Plaintiff realleges Plaintiff all prior relevant paragraphs as if fully set forth herein.

PAGE 11 – COMPLAINT AND DEMAND FOR JURY TRIAL
**Law Offices of Daniel Snyder**
Attorneys At Law
1000 S.W. Broadway, Suite 2400
Portland, Oregon 97205
(503) 241-3617 Fax (503) 241-2249

58. Defendant retaliated against Plaintiff with respect to the terms and conditions of his employment because Plaintiff opposed discrimination based on his religion, national origin, and sexual orientation.

59. As a result of Defendant's unlawful employment actions, Plaintiff suffered and continues to suffer economic and noneconomic damages in an amount to be proved at trial.

60. Plaintiff is entitled to an award for past lost wages and benefits, future lost earnings, benefits, lost earning capacity, and other compensatory damages for future pecuniary losses. Plaintiff's economic damages are continuing in nature and are not presently known.

61. Plaintiff is entitled to an award for non-economic damages for his emotional distress.

62. To the extent any amount awarded to Plaintiff is for damages occurring prior to the entry of judgment, Plaintiff is entitled to an award of pre-judgment interest at the legal rate from the date the damage occurred until the date of judgment.

63. Plaintiff is entitled to post-judgment interest on all damages, costs, and attorneys' fees from the date of judgment until the date paid.

64. Pursuant to ORS 659A.885, Plaintiff is entitled to recover his reasonable attorneys' fees, costs, and expert fees.

### THIRD CLAIM FOR RELIEF

(ORS 659A.199 – Whistleblower)

65. Plaintiff re-alleges all relevant paragraphs.

66. Plaintiff reported to Defendant conduct that Plaintiff believed were violations of state and federal laws.

PAGE 12 – COMPLAINT AND DEMAND FOR JURY TRIAL
**Law Offices of Daniel Snyder**
Attorneys At Law
1000 S.W. Broadway, Suite 2400
Portland, Oregon 97205
(503) 241-3617 Fax (503) 241-2249

67. Defendant discriminated and retaliated against Plaintiff because of the reports of discrimination because of made by Plaintiff. Defendant's actions violated ORS 659A.199, are an unlawful employment practice, and caused Plaintiff economic and non-economic damages.

68. Plaintiff is entitled to equitable relief, including, but not limited to, a declaration that Defendant violated Plaintiff's statutory rights, reinstatement, and an injunction prohibiting further discrimination and retaliation.

69. Plaintiff is entitled to an award for past lost wages and benefits and future lost earnings, benefits, and lost earning capacity, and other compensatory damages for past and future pecuniary losses. Plaintiff should be awarded economic damages in an amount determined fair by a jury.

70. Plaintiff is entitled to non-economic damages sufficient to compensate Plaintiff for emotional distress and other nonpecuniary losses in an amount to be proved at trial. Plaintiff should be awarded non-economic damages in an amount determined fair by a jury.

71. To the extent any amount awarded to Plaintiff is for damages occurring prior to the entry of judgment, Plaintiff is entitled to an award of pre-judgment interest at the legal rate from the date the damage occurred until the date of judgment.

72. Pursuant to ORS Chapter 659A and ORS 20.107, Plaintiff is entitled to recover Plaintiff's reasonable attorneys' fees and costs, including expert witness fees.

73. Plaintiff is entitled to post-judgment interest on all damages, costs, expenses, and fees from the date of judgment until the date paid.

**PRAYER FOR RELIEF**

Plaintiff prays for the following judgment against Defendant:

A. A sum which will fully compensate Plaintiff for Plaintiff's non-economic

PAGE 13 – COMPLAINT AND DEMAND FOR JURY TRIAL

**Law Offices of Daniel Snyder**
Attorneys At Law
1000 S.W. Broadway, Suite 2400
Portland, Oregon 97205
(503) 241-3617 Fax (503) 241-2249

damages in a sum that is just as determined by a jury;

    B.    A sum which will fully compensate Plaintiff for Plaintiff's economic damages in a sum that is just as determined by a jury;

    C.    Equitable relief, including, but not limited to, reinstatement if Plaintiff so chooses;

    D.    Liquidated damages;

    E.    Plaintiff's costs and disbursements incurred herein;

    F.    Plaintiff's attorneys' fees; and

    G.    For such other and further relief as the Court may deem just and equitable.

**Plaintiff demands a trial by Jury.**

Dated: December 7, 2021

        **Law Offices of Daniel Snyder**

        */s/ Daniel Snyder*
        Daniel Snyder, OSB No. 783856
        dansnyder@lawofficeofdanielsnyder.com
        Carl Post, OSB No. 06105
        carlpost@lawofficeofdanielsnyder.com
        John David Burgess, OSB 106498
        johnburgess@lawofficeofdanielsnyder.com
        Tel: (503) 241-3617 / Fax: (503) 241-2249

        Of Attorneys for Plaintiff

PAGE 14 – COMPLAINT AND DEMAND FOR JURY TRIAL

**Law Offices of Daniel Snyder**
Attorneys At Law
1000 S.W. Broadway, Suite 2400
Portland, Oregon 97205
(503) 241-3617 Fax (503) 241-2249