IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **LUKE FONTAINE**, | Case No. 3:21-cv-1774-YY |
| Plaintiff, | **ORDER** |
| v. | |
| **MCRT RESOURCES LLC**, | |
| Defendant. | |

**Michael H. Simon, District Judge.**

United States Magistrate Judge Youlee Yim You issued Findings and Recommendation in this case on July 26, 2023. Judge You recommended that this Court grant in part and deny in part Defendant's motion for summary judgment.

Under the Federal Magistrates Act (Act), the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). If a party objects to a magistrate judge's findings and recommendations, "the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.*; Fed. R. Civ. P. 72(b)(3).

PAGE 1 – ORDER

For those portions of a magistrate judge's findings and recommendations to which neither party has objected, the Act does not prescribe any standard of review. *See Thomas v. Arn*, 474 U.S. 140, 152 (1985) ("There is no indication that Congress, in enacting [the Act], intended to require a district judge to review a magistrate's report to which no objections are filed."); *United States. v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) (holding that the court must review *de novo* magistrate judge's findings and recommendations if objection is made, "but not otherwise"). Although in the absence of objections no review is required, the Act "does not preclude further review by the district judge[] *sua sponte* . . . under a *de novo* or any other standard." *Thomas*, 474 U.S. at 154. Indeed, the Advisory Committee Notes to Fed. R. Civ. P. 72(b) recommend that "[w]hen no timely objection is filed," the Court review the magistrate judge's recommendations for "clear error on the face of the record."

Defendant timely filed an objection, to which Plaintiff responded. Defendant objects to the portion of Judge You's recommendation finding that the Court should deny Defendant's summary judgment motion against Plaintiff's claims for discrimination and retaliation.

Defendant first objects that Judge You erred by failing to apply the "same actor" inference and hold Plaintiff to a higher burden to prove his prima facie case. The Ninth Circuit describes the same actor inference as: "where the same actor is responsible for both the hiring and the firing of a discrimination plaintiff, and both actions occur within a short period of time, a strong inference arises that there was no discriminatory action." *Bradley v. Harcourt*, Brace & Co., 104 F.3d 267, 270-71 (9th Cir. 1996). The Ninth Circuit explains, however, that "the point of the same-actor inference is that the evidence rarely is sufficient to find that the employer's asserted justification is false when the actor who allegedly discriminated against the plaintiff had

PAGE 2 – ORDER

previously shown a willingness to treat the plaintiff favorably." *Coghlan v. Am. Seafoods Co. LLC.*, 413 F.3d 1090, 1097 (9th Cir. 2005).

Defendant argues that Tim Jellum hired Plaintiff and "in consultation with" Plaintiff's then-current manager Heather Rountree and Human Resources Director Jerry Williams, made the decision to terminate Plaintiff, and thus the "same actor" inference applies. Plaintiff, however, asserts that Plaintiff's former manager, Amber Crudelle was the person responsible for Plaintiff's hiring. Ms. Crudelle testified at deposition that she was the person who made the decision to hire Plaintiff. ECF 40-17 at 6. Plaintiff also contends that Ms. Rountree made the decision to fire Plaintiff. Mr. Williams testified at deposition that the person who made the decision to terminate Plaintiff's employment was Ms. Rountree. ECF 40-14 at 6. This is sufficient to create an issue of fact as to who hired and fired Plaintiff and preclude application of the same actor inference, because the "same actor" may not have been the person who hired and fired Plaintiff.

Further, even if Mr. Jellum was the person who hired and fired Plaintiff, "the same actor inference can be rebutted by showing that a non-decisionmaking employee was biased and inappropriately influenced the decisionmaker's employment decision under a cat's paw theory of liability. This would explain why a seemingly non-discriminatory hiring decision could come from the same individuals who, perhaps unknowingly, carried out a discriminatory firing decision." *Stubbs v. Regents of Univ. of Cal.*, 2007 WL 1532148, at *12 (E.D. Cal. May 25, 2007). Defendant states that Mr. Jellum made the decision "in consultation with" Ms. Rountree, who Plaintiff contends was biased and about whom Judge You found sufficient evidence of bias to raise an issue of fact regarding pretext. The influence of Ms. Rountree in the decision precludes the application of the same actor inference.

PAGE 3 – ORDER

Additionally, Plaintiff provides evidence that he complained of Defendant's alleged discriminatory policies and actions to Mr. Jellum and Mr. Jellum's supervisor, who then discussed the problems with Mr. Jellum. This, viewed in the light most favorable to Plaintiff and drawing all inferences in Plaintiff's favor, may change the positive inference from the mere fact of Mr. Jellum's involvement in hiring Plaintiff. It also precludes application of the same actor inference.

Defendant next argues that Judge You erred in finding that Plaintiff met his minimal burden to establish his prima facie case because the discriminatory remarks by Ms. Rountree were "stray remarks." Defendant too broadly construes the stray remark doctrine.

Ms. Rountree was Plaintiff's supervisor who made several discriminatory remarks. "[A] single discriminatory comment by a plaintiff's supervisor or decisionmaker" who influenced an adverse employment decision "is sufficient to preclude summary judgment for the employer." *Dominguez-Curry v. Nev. Transp. Dep't*, 424 F.3d 1027, 1039 (9th Cir. 2005). This is so if the comment rises to the level of direct evidence, "evidence which, if believed, proves the fact [of discriminatory animus] without inference or presumption." *Vasquez v. Cnty. of Los Angeles*, 349 F.3d 634, 640 (9th Cir. 2003), as amended (Jan. 2, 2004) (cleaned up). If comments do not rise to the level of direct evidence, they may be circumstantial evidence the Court may consider. Then the Court must consider if there is a "nexus" between the remarks and the adverse employment decision. *Id.* If comments are "isolated," "very general," "ambivalent" and "unrelated to the decisional process," then a court may considered them as "stray remarks." *See Nesbit v. PepsiCo, Inc.*, 994 F.2d 703, 705 (9th Cir. 1993); *Merrick v. Farmers Ins. Grp.*, 892 F.2d 1434, 1438 (9th Cir. 1990). Such remarks made by a supervisor, however, may still be "weak circumstantial evidence of discriminatory animus." *Nesbit*, 994 F.2d at 705.

PAGE 4 – ORDER

The comments asserted by Plaintiff are not isolated, very general, ambivalent comments. Indeed, at this stage of the litigation some of her comments could be considered direct evidence of discrimination, although Plaintiff did not make that argument. And Ms. Rountree was either directly responsible for, or, at a minimum, involved in and thus had a nexus to, Plaintiff's termination. Ms. Rountree's comments are sufficient circumstantial evidence, along with the other evidenced discussed by Judge You, to meet Plaintiff's minimal burden at the prima facie stage and do not fall within the "stray remarks" doctrine. The Court rejects this objection by Defendant.

Defendant also objects that Plaintiff fails to create an issue of fact that he was performing his job satisfactorily at the time of his termination. On this issue, the Court agrees with and adopts Judge You's analysis. Defendant's argument on Plaintiff's job performance in his final months goes to pretext. Plaintiff raises an issue of fact regarding whether Ms. Rountree singled out Plaintiff for criticism in retaliation for his protected conduct, and because of his race and sexuality, and whether Ms. Rountree attempted to create a pretextual reason to terminate Plaintiff in the final few months of his employment.

Finally, Defendant objects to Judge You's conclusion that Plaintiff has shown sufficient evidence of pretext. Defendant's only objection, however, is to Judge You's conclusion that Ms. Rountree's denial of Plaintiff's request to have Sundays off was not sufficiently close in time to his termination of employment because Plaintiff previously had requested Sundays off. This argument is rejected for two reasons. First, Judge You cited several pieces of circumstantial evidence, not simply the temporal relation between that denial and Plaintiff's adverse employment action. Defendant does not challenge any of the other reasons provided by Judge You. Second, as described by Judge You earlier in the Findings and Recommendation, Plaintiff's

previous request for Sundays off had been granted by Ms. Crudelle. It was after Ms. Rountree took over as Plaintiff's manager that he "renewed" his request for Sundays off and Ms. Rountree denied the renewed request. Thus, at this stage of the litigation and viewing the facts in the light most favorable to Plaintiff, this denial remains part of the circumstantial evidence supporting a finding of pretext.

The Court ADOPTS Judge You's Findings and Recommendation, ECF 53, as supplemented herein. The Court GRANTS IN PART and DENIES IN PART Defendant's Motion for Summary Judgment, ECF 31. The Court grants the motion against Plaintiff's claim for hostile work environment and denies the motion against Plaintiff's claims for discrimination and retaliation.

**IT IS SO ORDERED.**

DATED this 20th day of November, 2023.

/s/ *Michael H. Simon*
Michael H. Simon
United States District Judge

PAGE 6 – ORDER